PEOPLE v BOLDEN

Opinion of the Court

1. Criminal Law—Pleas of Guilty—Mistaken Belief—Sentences
   —Harsher Sentences—Appeal and Error.

   A defendant's mistaken belief that the trial court is going to be
   lenient in sentencing the defendant upon acceptance of the
   defendant's plea of guilty is not sufficient reason to set aside
   the guilty plea.

2. Criminal Law—Pleas of Guilty—Sentences—Mistaken Belief
   —Harsher Sentences—Evidentiary Hearing—Judges.

   The Court of Appeals, in cases where a defendant pleads guilty to
   a criminal charge and then appeals arguing that the plea was
   based on the defendant's belief that he had been promised a
   lesser sentence than the one actually received, should not
   substitute its judgment for that of the circuit judge where the
   circuit judge has held an evidentiary hearing on the matter
   and has determined that the plea should be upheld.

Dissent by Bronson, J.

3. Criminal Law—Pleas of Guilty—Promise of Leniency—Unful-
   filled Promise—Withdrawal of Plea.

   *A defendant may withdraw his plea of guilty where the plea is
   induced by a prosecutor's promise of leniency in sentencing and
   the promise is unfulfilled.*

4. Criminal Law—Pleas of Guilty—Withdrawal of Plea—Plea
   Agreements—Unfulfilled Agreement.

   *A defendant is entitled either to specific performance of a plea
   agreement or to a withdrawal of his plea of guilty where the
   defendant's plea of guilty was induced by a plea agreement
   with the prosecution and the trial judge determines that the
   plea agreement was not fulfilled.*

References for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.
[3–5] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.

5. CRIMINAL LAW—PLEAS OF GUILTY—EVIDENTIARY HEARING—SEN-
TENCES—UNFULFILLED PROMISE—WITHDRAWAL OF PLEA.

A defendant's plea-based conviction should be reversed and the
matter remanded for a full evidentiary hearing where the
defendant, after pleading guilty and receiving a sentence
greater than the one recommended by the prosecution, made a
motion to withdraw her plea because it was based on the
prosecution's promises of leniency which went unfulfilled, and
the trial court, in denying the defendant's motion, referred to
the transcript of the plea proceeding and the sentencing pro-
ceeding but refused to allow any testimony by the defendant
which contradicted her statements at the plea proceeding.

Appeal from Kalamazoo, Donald T. Anderson, J.
Submitted March 8, 1977, at Lansing. (Docket No.
29807.) Decided September 7, 1977.

Gloria Bolden was convicted, on her plea of
guilty, of attempted uttering and publishing forged
instruments. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald A. Burge,*
Prosecuting Attorney, and *Stephen M. Wheeler,*
Chief of Appellate Division, for the people.

*DeVries & Lamb, P. C.,* for defendant on appeal.

Before: QUINN, P. J., and BRONSON and M. J.
KELLY, JJ.

QUINN, P. J., and M. J. KELLY, J. Defendant was
charged with uttering and publishing forged in-
struments, MCLA 750.249; MSA 28.446, a felony
which carries a 14-year maximum. Pursuant to a
plea agreement, she pleaded guilty to attempted
uttering and publishing forged instruments, MCLA
750.92; MSA 28.287, and was sentenced to a term
of 40 months to 5 years. Thereafter, she filed a
motion to set aside the plea or in the alternative
to modify the sentence to conform to the plea

agreement. She says through her appellate counsel
that "the Trial Court breached the agreement she
had reached with the prosecutor and the police
officers and that said agreement was the induce-
ment for the entry of her guilty plea". An eviden-
tiary hearing was held on the motion after which
the trial court denied the relief requested. Defend-
ant appeals on one issue:

"Did the Trial Court commit an abuse of discretion
by failing to grant the Defendant-Appellant's Motion to
Set Aside her Guilty Plea or to modify the sentence to
conform to the plea agreement?"

The prosecuting attorney stated the plea agree-
ment on the record as follows:

"Yes. In return for not being prosecuted on the
greater charge of uttering and publishing, the defend-
ant has agreed to testify against one Mamie Campbell.
She has already testified at preliminary examination.
Further the People have indicated to the defendant we
will recommend to this honorable Court a sentence
from two to four years and that they will run concur-
rent with the sentence for which this defendant is
currently serving in Detroit House of Corrections. We
would indicate, however, that these recommendations
are not binding on the Court and that rests within the
sole discretion of the Court."

The record clearly shows that defendant and her
trial attorney concurred that she was told by the
trial court, and remembered being told by the trial
court at the time of the evidentiary hearing, that
he did not have to follow the recommendation of
the prosecutor. She explains her failure to come to
grips with the difference between a recommenda-
tion and a sentence agreement by stating that
"she thought she had an agreement which had

been fulfilled by her testifying in the preliminary examination against Mamie Campbell and by further commitment to testify in Circuit Court if necessary". She says that if she did not *think* that there was such an agreement she would not have pled guilty to the offense. She fails to comment on the fact that she did not plead guilty to the offense charged with its 14-year maximum, but pled guilty to a lesser offense with a five-year maximum. This apparently we are not to consider as being of any consequence either in her thought processes or in the four corners of the entire bargain.

We are not persuaded by the defendant's *post hoc* arguments. First of all because a defendant's mistaken belief is insufficient to set aside a guilty plea, *People v Michael Williams,* 36 Mich App 188; 193 NW2d 387 (1971); and secondly because the Supreme Court has taken us out of the equation. In *People v Hall,* 399 Mich 288; 249 NW2d 62 (1976), an even stronger case than the case presented by Ms. Bolden was before us. The question was whether or not defendant believed that he had been promised a 10-year minimum but had received a 20-year minimum. An evidentiary hearing was held in the trial court and the plea was upheld. In evaluating the matter on appeal we reversed the trial court. The Supreme Court majority said we had no business doing that and that we "erred in substituting * * * [our] judgment for that of the circuit judge. It was the circuit judge's responsibility to determine whether the plea was induced by a promise of leniency which went unfulfilled." 399 Mich at 291. (Citation omitted.)

In this case, the circuit judge has exercised his responsibility and has determined that Ms. Bolden was not misled. His opinion is clear and emphatic on the issue:

"The Court is fully satisfied at the time she entered the plea she knowingly and understandingly assented to the agreement that was stated upon the record and she understood what it was and understood it was merely a recommendation and that is all. I have no iota of doubt of her understanding at that time.

"This defendant has been around and knows what goes on in courts of law and knows all about deals and so on.

"She was represented by competent counsel. Mr. Geary. She has talked with Mr. Horton and Mr. Schaberg and she herself was present in court at the time that that agreement was stated upon the record and she confirmed it.

"The Motion to Set Aside the Plea of Guilty is denied."

The circuit judge has exercised his judgment and fulfilled his responsibility. We are instructed in *People v Hall, supra,* at 291, not to substitute our judgment for that of the circuit judge. We do not see this as a *People v Serr,* 73 Mich App 19; 250 NW2d 535 (1976), issue. The dissent proposes a remand for an evidentiary hearing. An evidentiary hearing has already been had. It was held on June 14, 1976, and the trial judge issued his opinion promptly thereafter. To send this back for another evidentiary hearing before a trial judge who has already ruled that he had "no iota of doubt" would be an exercise in futility.

Affirmed.

BRONSON, J. *(dissenting).* After defendant pled guilty to attempted uttering and publishing forged instruments and was sentenced she filed a motion to withdraw her plea or, alternatively, to modify the sentence to conform to the plea agreement. Defendant claimed that her plea was induced by assurances from an assistant prosecutor and a

police officer that she would receive a minimum sentence of two years. After pleading guilty she was sentenced to from 40 months to 5 years.

In ruling on defendant's motion to withdraw plea or modify sentence, the trial judge refused to consider defendant's testimony as to what promises had been made to her. Instead, he referred to the transcript of the plea proceeding and the sentencing proceeding, pointed out defendant's confirmation that she understood that the prosecutor would only recommend a minimum sentence of two years and that she realized that the trial court would not be bound by that recommendation, and concluded that he was not obligated to go beyond defendant's statements at the plea proceeding. He stated that he would not be bound by testimony by the defendant contradicting her statements at the plea proceeding, as to do otherwise would be to permit a fraud upon the court. On this basis, he denied defendant's motion. I would hold that the trial judge's refusal to consider any evidence outside of the plea transcript was reversible error.

It has been clear for quite some time that a guilty plea which has been induced by an unfulfilled promise of leniency by the prosecutor may be withdrawn. *In re Valle*, 364 Mich 471, 477–478; 110 NW2d 673 (1961). The rule is constitutionally grounded in the due process clause of the Federal Constitution. *Santobello v New York*, 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971). Thus the rule is firmly established in Michigan that, upon a determination by the trial judge that a plea agreement was not fulfilled, the defendant is entitled either to specific performance of the plea agreement or to a withdrawal of his plea of guilty.

*People v Hall*, 399 Mich 288; 249 NW2d 62 (1976), does not take us out of the equation, but

mandates reversal. In *Hall,* the Supreme Court
held that an appellate court could not substitute
its judgment for that of the circuit judge on
whether a plea was induced by an unfulfilled
promise of leniency. *Hall,* however, is premised on
the fact that a circuit judge must hear the rele-
vant evidence and make an independent determi-
nation of whether a promise of leniency was in
fact made.

"It was the circuit judge's responsibility to determine
whether the plea was induced by a promise of leniency
which went unfulfilled." *Hall, supra,* at 291. (Citation
omitted.)

The trial court in *Hall* did hold a full eviden-
tiary hearing at which the defendant testified; in
the instant case, the trial judge refused to hear
any testimony by defendant which conflicted with
the plea transcript. The reason for the holding in
*Hall* is that the trial judge is in a better position
than an appellate court to judge the credibility of
witnesses at the evidentiary hearing. If the trial
judge need not hear relevant evidence which con-
flicts with the plea transcript, as the majority
holds, then *Hall* makes no sense. It is illogical to
require an appellate court to defer to the trial
court's findings of fact if the trial court need not
hear relevant evidence. I would read *Hall* as re-
quiring reversal and remand for an evidentiary
hearing in the instant case.

The majority actually seems to be applying *sub
silentio* the evidentiary estoppel rule of *People v
Serr,* 73 Mich App 19; 250 NW2d 535 (1976), which
is that after a plea has been accepted, neither the
defendant nor his attorney may offer their own
testimony to deny the truth of any statements
made at the plea proceeding or sentencing. *Serr,*

*supra,* at 28. I disagree with the majority opinion in *Serr,* which could result on occasion in upholding a constitutionally invalid guilty plea because of a rule of evidence.

The rule of evidentiary estoppel formulated in *Serr* is premised on public policy, to protect the judicial process from being used to perpetrate a fraud on the court, and to achieve certainty and finality in the taking of guilty pleas. *Serr, supra,* at 28. I sympathize with these goals, but agree with Judge MICHAEL CAVANAGH's dissent on this issue:

"I cannot agree with the majority's opinion to the extent that it implies that a defendant may not withdraw his plea unless the plea bargain defect appears upon the face of the plea-taking record. It is precisely because most of these defects do not appear fully on the record, if at all, that the defendant is entitled to an evidentiary hearing on his motion to withdraw his plea." *Serr, supra,* at 32.

One need only imagine the plight of a defendant who has been led to believe that he will receive a particular sentence if he just goes along and doesn't make waves at his guilty plea proceeding. If that defendant reasonably entertained such a belief because of representations by the prosecutor, and later received a greater sentence, his plea would be invalid because it was involuntary but he would be without remedy unless the representations were made in the presence of third parties. The grossest incidents of overreaching by prosecutors would go unremedied under the *Serr* rationale.

Certainly the court rule requirement that a plea agreement be stated on the record and confirmed by the parties to the agreement has as one goal to

prevent a defendant from later raising false claims that a different agreement was really reached. But it has this effect by providing strong evidence of what the plea agreement actually was, rather than by absolutely prohibiting later denials that the true agreement had been fully stated at the plea proceeding.

As to the "fraud on the court" rationale, the possibility of perjured testimony always has and probably always will be a problem with which the judiciary must deal in some manner. But the answer is not to preclude testimony which is likely to be untrue, but to prosecute perjurors under the appropriate criminal statutes.

In *People v Boone,* 68 Mich App 650, 652; 244 NW2d 4 (1976), while recognizing that claims such as those made in this case are easily made and rightly looked upon with suspicion, we held that:

"Claims of involuntary pleas must be heard by the trial judge, and a testimonial hearing held, even in cases where the guilty plea proceeding contains a statement by defendant that his plea is completely voluntary and that it is not induced by promises other than those on the record."

See also, *People v Bartlett,* 17 Mich App 205; 169 NW2d 337 (1969).

The testimonial hearing required by *Bartlett* and *Boone* would be meaningless if testimony by the defendant in contradiction to statements made at the plea proceeding could not be considered.

I would decline to follow *Serr,* and would hold that the rationale of *Hall* requires an evidentiary hearing at which defendant's testimony is to be considered.