PEOPLE v WEST (AFTER REMAND)

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—SENTENCING—MISTAKEN BELIEF.
    A defendant's mistaken belief that the trial court is going to be
    lenient in sentencing him upon acceptance of defendant's plea
    of guilty is not sufficient to set aside the guilty plea.

2. CRIMINAL LAW—PLEA OF GUILTY—SENTENCING—MISTAKEN BELIEF
    —EVIDENTIARY HEARING.
    The Court of Appeals should not substitute its judgment for that
    of the circuit court where a defendant pleads guilty to a
    criminal charge and then appeals claiming that the plea was
    based on the defendant's belief that he had been promised a
    lesser sentence than the one actually imposed, where subse-
    quently, on remand, the circuit court held an evidentiary
    hearing and decided that the plea should be upheld.

DISSENT BY M. J. KELLY, P. J.

3. CRIMINAL LAW—PLEA OF GUILTY—MOTIONS—MISTAKEN BELIEF—
    WITHDRAWAL OF PLEA.
    *A defendant's motion to set aside his plea of guilty should be
    granted and he should be given a trial on the original charges
    where the defendant in entering his plea of guilty relied on
    what appeared to him to be a bargain and he was misled.*

Appeal from St. Clair, Ernest F. Oppliger, J.
Submitted October 15, 1976, at Detroit. (Docket
No. 26536.) Decided April 3, 1978.

Jeffrey A. West was convicted, on his plea of
guilty, of armed robbery and assault with intent to

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
    Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised thereof. 97
    ALR2d 549.

commit rape. Defendant appeals. The Court of
Appeals remanded for an evidentiary hearing. On
remand the defendant's plea was upheld. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Peter E. Deegan,*
Prosecuting Attorney, and *Peter R. George,* Chief
Appellate Attorney, for the people.

*Burgess & Burgess* (by *Barbara A. Schwartz),* for
defendant on appeal.

Before: M. J. Kelly, P. J., and J. H. Gillis and
Beasley, JJ.

## After Remand

J. H. Gillis, J. Defendant pled guilty to armed
robbery, MCLA 750.529; MSA 28.797, and assault
with intent to commit rape, MCLA 750.85; MSA
28.280. He was sentenced to terms of from 20 to 40
years for the armed robbery and from 6 to 10
years for the assault. Defendant appealed as of
right from the denial of his motion to withdraw
his pleas. We remanded this case to the circuit
court for an evidentiary hearing in order to deter-
mine if the trial judge made a statement that
could have been fairly interpreted by the defend-
ant to be a promise of leniency that went unful-
filled. We also retained jurisdiction.

Upon remand, the circuit court found no such
promise and denied the motion to withdraw the
pleas.

Defendant claims that his pleas were given in
exchange for the promise not to sentence him for a
term of greater than 20 years. Defendant's argu-
ment must be rejected for two reasons.

First, the record does not support defendant's contention. Defense counsel admitted that the trial judge would not state a specific number of years as a maximum sentence. In response to defense counsel's request, the trial judge stated that normally someone convicted of armed robbery would receive a sentence of 15 or 20 years. It was defense counsel's impression that if defendant pled guilty, he would receive a similar maximum sentence. This was a conclusion based on defense counsel's own experience rather than a representation by the trial judge. He relayed this false impression to the defendant who relied upon it. A defendant's mistaken belief that the trial court is going to be lenient in sentencing him upon acceptance of defendant's plea of guilty is not sufficient reason to set aside the guilty plea. *People v Bolden,* 78 Mich App 120; 259 NW2d 389 (1977), *People v Michael Williams,* 36 Mich App 188; 193 NW2d 387 (1971).

Secondly, when a defendant pleads guilty to a criminal charge and then appeals claiming that the plea was based on the defendant's belief that he had been promised a lesser sentence than the one actually received, the Court of Appeals should not substitute its judgment for that of the circuit court where the circuit court has held an evidentiary hearing and has decided that the plea should be upheld. *People v Hall,* 399 Mich 288; 249 NW2d 62 (1976), *People v Bolden, supra.*

Affirmed.

BEASLEY, J., concurred.

M. J. KELLY, P. J. *(dissenting).* I respectfully dissent.

I believe the record does support defendant's contention and I further find that this is not a case of bad advice or mistaken impression only. The

defense attorney swore on his oath that he told the
defendant he would get a 20-year maximum sen-
tence. He supported that with the recitation of
conversations which took place below. I do not
stand on either side of the question as to who was
mistaken about those conversations. Somebody
was, and lawyers and sometimes even judges make
mistakes. The defendant made no mistake. He
relied on what appeared to him to be a bargain
and he was misled. *People v Bolden,* 78 Mich App
120; 259 NW2d 389 (1977), quoted in the majority
opinion was a case of mistaken belief and is easily
distinguishable. *People v Hall,* 399 Mich 288; 249
NW2d 62 (1976), is not so easily distinguishable.
Having written the opinion which was reversed in
*Hall* it would be unseemly for me to defend it but
I can only reiterate that that was a sentence
recommendation case and this case is somewhat
different.

I have a nagging doubt or a reasonable belief
that the defendant's plea was essentially coerced. I
would grant the motion to set aside the plea and
would remand on the original charges.