# Order

Michigan Supreme Court
Lansing, Michigan

January 24, 2018

150643 & (145)

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

BOBAN TEMELKOSKI,
      Defendant-Appellant.

SC: 150643
COA: 313670
Wayne CC: 94-000424-FH

_____/

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE the judgment of the Court of Appeals and REINSTATE the Wayne Circuit Court's order removing defendant from the sex offender registry on the basis that requiring him to register violates due process. US Const, Am XIV; Const 1963, art 1, § 17.

On March 4, 1994, defendant pleaded guilty as charged to one count of second-degree criminal sexual conduct in violation of MCL 750.520c(1)(a) and was sentenced as a youthful trainee under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq*., to a 3-year term of probation. HYTA provides that when a criminal defendant between the ages of 17 and 20 pleads guilty to certain crimes, a trial court may "without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee." MCL 762.11(1). The statute in effect at the time of defendant's plea further provided that "[a]n assignment of an individual to the status of youthful trainee as provided in this chapter is not a conviction for a crime, and the individual assigned to the status of youthful trainee *shall not* suffer a civil disability or loss of right or privilege following his or her release from that status because of his or her assignment as a youthful trainee." MCL 762.14(2), as amended by 1993 PA 293 (emphasis added).

Defendant does not claim that he was promised assignment as a youthful trainee in exchange for his guilty plea. Cf. *Santobello v New York*, 404 US 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."). Rather, he claims that he was induced by HYTA to plead guilty because the statute offered him potential benefits for pleading guilty that he could not otherwise have obtained had he exercised his constitutional right to a trial. See generally *Corbitt v New Jersey*, 439 US 212 (1978) (implicitly recognizing that a statute alone can induce a plea). We believe that the *Santobello* principle applies with equal

force to a statutory provision, such as HYTA, that induces a defendant to plead guilty by offering him certain benefits if he does so and satisfies other statutory conditions.

In this case, defendant was screened and presumably deemed eligible for youthful trainee status before entering his guilty plea, and thus it is clear that such a disposition was contemplated by the parties. While he had no entitlement to assignment as a youthful trainee, there can be little doubt that the possibility of a HYTA discharge was "one of the principal benefits sought by defendant[] [in] deciding whether to [plead guilty] or instead to proceed to trial." *INS v St Cyr*, 533 US 289, 323 (2001). Indeed, in light of the fact that defendant pleaded guilty to the principal charge, it appears this may have been the only motivation for his decision to waive his right to a trial and plead guilty.

After defendant pleaded guilty, the Legislature enacted the Sex Offender Registration Act (SORA), MCL 28.721 *et seq.*, which retroactively defined defendant's completion of youthful training as a conviction and required him to register under the act and to comply with the obligations imposed on such registrants. 1994 PA 295. It is undisputed that registration under SORA constitutes a civil disability. Although the Legislature may retroactively attach civil consequences to a conviction, see *Hawker v New York*, 170 US 189 (1898), here defendant pleaded guilty in reasonable reliance on the possibility of receiving a sentence under HYTA and benefitting from its express promise that upon successful completion of his youthful training, he would not have a conviction on his record or suffer any related civil disabilities.

Because defendant pleaded guilty on the basis of the inducement provided in HYTA as effective in 1994 (i.e., before SORA's effective date), was assigned to HYTA training by the trial judge, and successfully completed his HYTA training, retroactive application of SORA deprived defendant of the benefits under HYTA to which he was entitled and therefore violated his constitutional right to due process. US Const, Am XIV; Const 1963, art 1, § 17. See *Jideonwo v Immigration & Naturalization Serv*, 224 F3d 692, 700 n 7 (CA 7, 2000) (noting that "where retroactive application of a statute disturbs settled expectations based on the state of the law upon which a party relied at the time an action was taken such that 'manifest injustice' would result, the Due Process Clause prohibits retroactive application of the law.").

The motion of plaintiff-appellee to add an appendix to its supplemental brief is GRANTED.

WILDER, J. (*dissenting*).

I respectfully dissent from this Court's order reversing the judgment of the Court of Appeals and reinstating the trial court's order removing defendant from the sex offender registry. I write separately because I would have remanded the case to the trial

court to further develop the factual record to determine (1) whether, at the time of his plea, defendant was promised benefits derived from his assignment to and subsequent release from youthful trainee status under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq*., and (2) whether he was *actually* induced to plead guilty as a result of that promise. In my view, the record before us is insufficient to conclude, at this stage, that a violation of defendant's due process rights has occurred.

To comport with due process, a defendant's guilty plea must be voluntary, knowing, and made " 'with sufficient awareness of the relevant circumstances and likely consequences.' " *People v Cole*, 491 Mich 325, 333 (2012), quoting *Brady v United States*, 397 US 742, 748 (1970). Moreover, "when a plea rests in any *significant degree* on a promise" such that the promise is "part of the inducement or consideration" for the plea, "*the essence of th*[*at*] *promise*[] *must in some way be made known*" and the promise "must be fulfilled." *Santobello v New York*, 404 US 257, 261-262 (1971) (emphasis added).

Appellate review of a defendant's guilty plea is a "necessarily limited and record-circumscribed inquiry . . . ." *People v Taylor*, 383 Mich 338, 360 (1970). The starting point for evaluating the voluntariness of a defendant's guilty plea is the "verbatim record" of the guilty-plea proceeding made contemporaneously in the trial court. MCR 6.302(F). "Normally, where a defendant states on the record that no promises, inducements, coercion, or other undue influences have been offered to him or brought to bear upon him, he will be held to his record denial." *People v Weir*, 111 Mich App 360, 361 (1981).

The trial court has the responsibility of deciding whether the defendant's plea was induced by an unfulfilled promise, and its finding should not be overturned unless it is clearly erroneous. *People v Hall*, 399 Mich 288, 291 (1976) (holding that "[i]t was the circuit judge's responsibility to determine whether the plea was induced by a promise of leniency which went unfulfilled" and that the Court of Appeals "erred in substituting its judgment for that of the circuit judge"); *id*. ("The trial court is in the best position to determine whether or not the plea of guilty was induced by promises of leniency because it can observe the demeanor of the conflicting witnesses in determining their credibility.") (quotation marks and citation omitted); see also *People v Belanger*, 73 Mich App 438, 450-451 (1977) ("The trial court is best equipped to determine whether the defendant's guilty plea was induced by promises of leniency since it held an evidentiary hearing on the matter and had the opportunity to observe the demeanor of the witnesses and determine their credibility."); *People v Bolden*, 78 Mich App 120, 123 (1977) ("It was the circuit judge's responsibility to determine whether the plea was induced by a promise of leniency which went unfulfilled.") (quotation marks and citation omitted).

On the record before this Court, the trial court has made no finding that any promise was made to defendant that actually induced him to plead guilty, and no finding

has been made that any such promise made has not been fulfilled. Moreover, there is no record evidence establishing by whom such promise was made, i.e., by defense counsel, the prosecutor, or the court. Notably, during oral argument before this Court, defense counsel conceded that defendant does not claim that the HYTA statute itself constitutes a promise on which defendant relies. In addition, no written plea agreement exists, and no transcript of the plea hearing exists. The absence of rudimentary factual findings or supporting records is unsurprising considering that the issue of whether a due process violation occurred was never raised by the parties or addressed by the trial court or the Court of Appeals in the lower court proceedings. See *Taylor*, 383 Mich at 359-360 (the voluntariness of a guilty plea is a question of fact, which "cannot be determined under our adversary system of jurisprudence in a proceeding in which that question of fact was never put in issue").

While defendant acknowledges these multiple deficiencies, he asks this Court to assume that his plea was induced by his expectation of HYTA's benefits. But to make this assumption based on the sequence of events and surviving documents—and, importantly, not an actual record—that (1) a promise was made to defendant and (2) that such a promise induced defendant's plea runs contrary to this Court's firmly established jurisprudence. See *Taylor*, 383 Mich at 359-360; *Hall*, 399 Mich at 291. Because the record is clearly insufficient to support a conclusion that defendant's plea was induced by an alleged expectation of receiving potential HYTA benefits, the trial court is in the best position to make a factual determination as to the promise made and whether defendant relied on that promise at the time he entered his guilty plea. For these reasons, I respectfully disagree with this Court's determination to substitute its own judgment for that of the trial court.

I am also concerned that extending the *Santobello* principle, which applies solely to record promises made by prosecutors, to apply with equal force to statutory provisions, such as HYTA, runs contrary to this Court's jurisprudence. See *Studier v Mich Pub Sch Employees' Retirement Bd*, 472 Mich 642, 661 (2005) ("[A]bsent some clear indication that the legislature intends to bind itself contractually, the presumption is that 'a law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise.'") (quotation marks and citations omitted). Furthermore, absent a clear violation of a defendant's constitutional rights, the potential unfairness of retroactive civil legislation is not a sufficient reason for a court to fail to give a statute its intended scope. *Landgraf v USI Film Prod*, 511 US 244, 267 (1994). "[L]egislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations. This is true even though the effect of the legislation is to impose a new duty or liability based on past acts." *Concrete Pipe & Prod of California, Inc v Constr Laborers Pension Trust for Southern California*, 508 US 602, 637 (1993) (quotation marks and citations omitted). Even if defendant had an expectation that he would receive the benefits of HYTA—i.e., that he would not suffer a

civil disability or loss of right or privilege—and the subsequent enactment of the Sex Offender Registration Act (SORA), MCL 28.721 *et seq.*, imposed a new liability based on defendant's past acts, he has failed to show that the enactment of SORA was a clear violation of his constitutional right to due process.

Accordingly, I would remand the case to the trial court to further develop the factual record before making a judicial determination at the outset, on appeal, as to whether SORA's sex offender registry requirement violates defendant's due process rights.

ZAHRA, J., joins the statement of WILDER, J.

CLEMENT, J., did not participate.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 24, 2018



Clerk

t0117