PEOPLE v FLORES

Docket No. 77-4930. Submitted March 7, 1979, at Lansing.—Decided May 21, 1979.

Oscar Flores was convicted, on his plea of guilty, of absconding on bond, Bay Circuit Court, Leon R. Dardas, J. The defendant was given a sentence to run consecutively with a sentence on a conviction for another charge in a different county. The defendant appeals, claiming that he had been told that if he entered a plea of guilty to the absconding charge, a second charge would be dismissed and that he would receive a sentence to run concurrently with the sentence from the other county. *Held:*

Based upon the record it is not unreasonable to conclude that the defendant was told that he would receive a concurrent sentence and that he based his decision to plead, at least in part, upon this understanding. However, this understanding was not shared by the prosecutor. There was no mutuality of agreement as to what the terms of the bargain were; therefore, the defendant's request for specific performance on the bargain is denied, but he is allowed to withdraw his plea.

It is also apparent that one of the attorneys representing the defendant made statements at the plea proceeding and at a post-sentence hearing which are irreconcilable. It appears that either the defendant or the court was misled. This matter is to be referred to the State Bar Grievance Board for its consideration.

Remanded for further proceedings.

CRIMINAL LAW — PLEA OF GUILTY — WITHDRAWAL OF PLEA —
    SENTENCES — CONCURRENT SENTENCES — CONSECUTIVE SEN-
    TENCES.

A criminal defendant who has entered a plea of guilty pursuant to a plea bargain should be allowed to withdraw his plea where the record indicates that the plea agreement did not provide for concurrent sentencing but that one of the attorneys representing the defendant had told him that he would receive a concurrent sentence and that he should not "rock the boat" at the

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 504-506, 509-511, 546-548.

plea proceeding to be sure that his plea would be accepted and the defendant was given a consecutive sentence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, and *George B. Mullison,* Chief Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BASHARA and D. E. HOLBROOK, JR., JJ.

M. F. CAVANAGH, P.J. Defendant was charged with receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803, and he was also charged with absconding on bond, MCL 750.199a; MSA 28.396(1), for failing to appear for his arraignment on the receiving and concealing offense. As a result of a plea bargain, defendant pled guilty to the absconding charge on January 25, 1977, and in return the receiving and concealing charge was dismissed. Defendant was sentenced to a term of two to four years imprisonment, to run *consecutively* to a 10 to 20 year sentence he received on an unrelated charge arising in another county.

Defendant vigorously contested his sentence immediately upon its pronouncement, asserting that he had been told that if he pled guilty his sentence would run concurrently with the 10 to 20 year sentence he previously received on the unrelated charge.[1]

---

[1] "THE DEFENDANT: Could I say something?

"THE COURT: Yes, you may.

"THE DEFENDANT: I was told that if I plead guilty to absconding on bond that they would run concurrent with the one I got in Jackson, and that if I didn't plead guilty to it that they'd charge me.

Although the facts that this defendant faced multiple charges and was represented by separate counsel simultaneously on these different charges cause some confusion, the record does clearly disclose certain events. First of all, the record of the plea is clear, precise, thorough and in complete accord with GCR 1963, 785. We commend the trial court for this. The plea transcript not only fails to disclose that a concurrent sentence was part of the bargain, it disclaims that the bargain consisted of any more than the dismissal of one charge in exchange for a plea to another.

"THE COURT: * * * Now, a plea bargain has been stated by the prosecution in this case and as I understand it, to restate it here, the arrangement is that Mr. Flores will be entering a plea of guilty to the charge pertaining to absconding on the bond, and the other case will be dismissed. Is that correct, Mr. Mullison?

"MR. MULLISON *[Assistant Prosecutor]:* Yes, your Honor. With also the addition that the court has not participated in any way in the plea bargain.

"THE COURT: You understand that, do you, Mr. Flores? The court has not participated in any manner whatsoever in the plea bargain.

"THE DEFENDANT: Yes.

"THE COURT: With either counsel on either side. Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: All right. And is that a complete and accurate statement of the plea bargain, Mr. Hegle?

---

That if they found me guilty to a receiving and concealing and found me guilty to this here they'd run all consecutive. That's why I pled guilty to it, and now I'm getting it consecutive.

"THE COURT: Well, this matter can be checked out at the time of an appeal. I believe those things were gone into rather thoroughly at that time, but if you were told that by the court I'm sure the sentence can be corrected to show it. My recollection doesn't include that but—

"THE DEFENDANT: Well, it's a deal I made with my lawyers.

"THE COURT: That can be reviewed at a later time."

"MR. HEGLE *[Defense Counsel]:* Yes, it is, your Honor.

"THE COURT: And Mr. Palacios?

"MR. PALACIOS *[Defense Counsel]:* Yes, your Honor.

"THE COURT: And Mr. Flores?

"THE DEFENDANT: Yes.

"THE COURT: Okay. And do you understand that agreement, Mr. Flores?

"THE DEFENDANT: Yes.

"THE COURT: Is there any part of it that you want to ask me any questions about or ask your attorneys any questions about at this time?

"THE DEFENDANT: No."

As to the sentence specifically, the following transpired:

"THE COURT: Other than what's been stated in the plea bargain, has anyone promised you anything if you plead guilty?

"THE DEFENDANT: No.

"THE COURT: Has anyone told you the court would be lenient towards you or that you would receive a light sentence or be placed on probation if you pleaded guilty?

"THE DEFENDANT: No.

"THE COURT: And when I say anyone, I mean just that; anyone from the prosecutor's office, any police officers, your attorney, or anyone else. Has anyone made such a promise to you?

"THE DEFENDANT: No.

"THE COURT: And do you understand that no one knows at this time what your sentence will be?

"THE DEFENDANT: Yes."

In spite of these record assertions, defendant maintains his attorney advised him that he would receive a concurrent sentence. He maintained this immediately upon hearing that the sentence would

be consecutive, and at a post-sentence evidentiary hearing. At that hearing, one of his trial counsel supported this claim as follows: ·

"THE DEFENDANT: Okay. The reason why I didn't say nothing at sentencing was because I was told that at the plea. And if it's going to mess up the plea, it would mess up my sentencing.

"THE COURT: All right. Then I would like to hear from the two attorneys that were advising him at the time. If they wish to say anything on that point, I'll take testimony on it. If they don't wish to, I'm not going to compel them. But if there's any variation in the version of it I'd like to hear from them, either one or any.

"MR. PALACIOS: Mr. Palacios on behalf of myself, your Honor.

"THE COURT: Mr. Palacios, okay. You were representing him on one of the matters?

"MR. PALACIOS: I was representing Mr. Flores on the matter of the receiving and concealing over $100. That was the extent of my representation on that case.

"THE COURT: But you were with him in connection with the plea. You were in the courtroom at the time and so on?

"MR. PALACIOS: Yes, your Honor. I was with him.

"THE COURT: What, if anything, was said on this point that he has referred to?

"MR. PALACIOS: I think he has stated it accurately. I can remember telling him and conveying not only once but several times the wording that I had received from the prosecutor's office with respect—

"THE COURT: That wasn't the question. The question was as stated by his counsel, Mr. Carter, here a minute ago.

"MR. PALACIOS: No, what Mr. Flores has stated that happened at the time of the plea and at the time of the sentence is as I recall it.

"MR. MULLISON: Okay.

"THE COURT: Who else—

"MR. MULLISON: I'd like to ask him, your Honor, if

he deliberately and on purpose told his client to lie to the court in order to get the plea accepted.

"MR. PALACIOS: I will answer that no. I did not ask him to lie to the court, your Honor.

"THE COURT: But what did you tell him then in connection with this matter where the court asked him specific questions. He now says he was told not to rock the boat and to say nothing or to give the other answers.

"MR. PALACIOS: I remember that the time of the sentencing when your Honor mentioned the word consecutive, he said, 'What's this about consecutive? It's concurrent.' And I told him at that point, 'Don't say anything.'

"THE COURT: I'm talking about before. Before the sentence is pronounced.

"MR. PALACIOS: Before, I told him that there was nothing to fight with the charge of absconding. That he was done for that and there was nothing to say about it, just to take his plea and plead guilty to it.

"THE COURT: Well, what did you tell him about not saying things to rock the boat?

"MR. PALACIOS: I don't remember saying things about the boat. I told him he should plea, that the bargain was a good one, that he should plea to the absconding. That he had no defense whatsoever, that he might possibly have a defense as to the other charge but if it was going to be dismissed, to have it dismissed, *and that he was going to get a concurrent sentence.*

"THE COURT: And you told him that he was going to get a concurrent sentence?

"MR. PALACIOS: Based on my conversations with the prosecutors and based on the—at the time—the current circuit judge." (Emphasis added.)

Based upon this record, it is not unreasonable to conclude that defendant was told he would receive a concurrent sentence and that he based his decision to plead, at least in part, upon this understanding. The record further discloses that this understanding was not shared by the prosecutor.

We find, therefore, that there never was a mutual agreement as to what the terms of the bargain were. Absent this mutuality, we decline defendant's request for specific performance, but will allow him to withdraw his plea.

It is equally apparent to us that the differences in defense counsel Palacios' statements at the time of the plea and at the post-sentence hearing are irreconcilable. We refer this matter to the State Bar Grievance Board for its consideration of further action, as it appears to us that either the defendant or the court was misled.

The remaining assertions of error are without merit. We remand for proceedings consistent with this opinion.