DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
KRAUSE

Docket No. 73644. Submitted October 3, 1984, at Detroit.—Decided
    December 3, 1984.

   George Krause was injured on October 25, 1973, while driving his
   employer's truck when it collided with a vehicle driven by an
   uninsured motorist. Aetna Casualty and Surety Company was
   the insurer of the employer's truck. Krause and Krause's
   mother had separate policies of insurance issued by Detroit
   Automobile Inter-Insurance Exchange. Each of the three poli-
   cies provided uninsured motorist coverage with a $20,000 limit
   of liability. Pursuant to clauses contained in each policy, DAIIE
   demanded arbitration. One of the issues presented to the arbi-
   tration panel was whether the provisions in the policies pre-
   cluded stacking of the uninsured motorist coverages provided
   by the policies. The arbitration panel rendered an award in
   favor of Krause in the amount of $60,000, $20,000 to be paid by
   Aetna and $40,000 to be paid by DAIIE. Both insurers filed
   motions in Wayne Circuit Court to vacate the arbitration
   award. The court, James Montante, J., affirmed the award,
   noting that the arbitration panel had not made a clear error of
   law by stacking the uninsured motorist coverages. DAIIE ap-
   pealed. The Court of Appeals affirmed, holding that, while the
   Supreme Court had held that provisions precluding the stack-
   ing of uninsured motorist coverages were valid, the arbitration
   panel's decision could not be deemed as a manifest disregard of
   the law, since at the time of the panel's decision there were
   conflicting precedents. Docket No. 49132, released February 23,
   1981 (unreported). DAIIE sought leave to appeal to the Su-
   preme Court. The application for leave to appeal was held in
   abeyance pending the decision in *DAIIE v Gavin,* 416 Mich 407
   (1982). Following the release of the *Gavin* opinion, the Supreme

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 168.
[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 337, 368.
   What issues as arbitrable under arbitration provision of uninsured
   motorist insurance. 29 ALR3d 328.
[2] 16A Am Jur 2d, Constitutional Law § 703.

Court, in lieu of granting leave, reversed the judgment of the Court of Appeals in the present case and remanded to the Wayne Circuit Court "for entry of a judgment conforming with *DAIIE v Gavin"*. 417 Mich 944 (1983). The Wayne Circuit Court, Maureen P. Reilly, J., acting for Lucile A. Watts, J., vacated the arbitrators' award. Krause appealed. *Held:*

1. The order of the Supreme Court explicitly directed the circuit court to enter a judgment "conforming with" its decision in *DAIIE v Gavin.* Since the Supreme Court in *Gavin* held that it was an error of law requiring vacation of an arbitration award for an arbitrator to ignore insurance policy provisions prohibiting stacking of uninsured motorist coverages, and since the present case is in all material respects identical to the cases considered in *DAIIE v Gavin,* the Supreme Court's order clearly mandated vacation of the award in this case.

2. The Supreme Court's holding that anti-stacking provisions in automobile insurance policies effective on or after October 1, 1973, shall be given effect means that the holding is applicable to policies which were in effect on or after that date, rather than meaning that it shall be applicable to those policies which become effective on or after that date.

3. Since the Supreme Court's holding that anti-stacking provisions in automobile insurance policies effective on or after October 1, 1973, shall be given effect served only to give effect to an existing contractual right, giving effect to anti-stacking provisions does not amount to an unconstitutional impairment of a contract right.

Affirmed.

1. ARBITRATION — INSURANCE — AUTOMOBILE INSURANCE — VACATION OF AWARDS.

An arbitration award which ignores express anti-stacking provisions in an automobile insurance policy which is effective on or after October 1, 1973, is based on an error of law so substantial as to enable a circuit court, upon an application to affirm or vacate the award, to set aside the award of the arbitrators.

2. INSURANCE — AUTOMOBILE INSURANCE — STACKING OF COVERAGE — CONTRACTS — IMPAIRMENT OF CONTRACTS.

Anti-stacking provisions in an automobile insurance policy are valid and enforceable as to any claim arising after October 1, 1973, where the policy containing such provisions was in effect on or after that date; the validity of such provisions is not dependent upon the policy becoming effective after that date; since the declaration that such provisions are valid and enforceable after October 1, 1973, gives effect to a contractual

right of the insurer that was previously denied it, there is no unconstitutional impairment of contract.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Ronald R. Hanlon),* and *Gromek, Bendure & Thomas* (by *James G. Gross),* for plaintiff.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw),* for defendant.

Before: SHEPHERD, P.J., and WAHLS and J. W. FITZGERALD, * JJ.

J. W. FITZGERALD, J. This case concerns enforcement of "anti-stacking" clauses in automobile insurance contracts in light of a Supreme Court order in this case.

This case was already once before this Court, and we take our facts from that opinion, which was an unpublished per curiam opinion (Docket No. 49132, decided February 23, 1981):

"On October 25, 1973, defendant was injured while driving his employer's truck when it collided with a vehicle driven by an uninsured motorist. Aetna Casualty and Surety Company, not a party to this appeal, was the insurer of the employer's truck. Defendant and defendant's mother had separate policies of insurance issued by plaintiff, Detroit Automobile Inter-Insurance Exchange. All three policies provided uninsured motorist coverage.

"Pursuant to clauses contained in each policy, defendant demanded arbitration. One issue to be resolved was whether the policies' uninsured motorist coverage could be 'stacked'. The claim was submitted to a three-member arbitration panel. On June 16, 1978, the arbitrators rendered an award in favor of defendant in an

---

* Retired Supreme Court Justice, sitting on the Court of Appeals by assignment.

amount of $60,000—$20,000 to be paid by Aetna and $40,000 to be paid by DAIIE.

"On July 5, 1978, both insurers filed actions in the Wayne County Circuit Court to vacate the awards. The trial court remanded the matter to the arbitration panel to hear closing arguments. Following arguments, the arbitrators affirmed the original award. Plaintiff DAIIE again moved to vacate the award on the theory that the arbitrators had made a clear error of law. Following a hearing on December 7, 1979, the trial court noted the conflicting case law on 'stacking' in this Court and held that the arbitrators had not made a clear error of law."

Plaintiff appealed the trial court's ruling to this Court. This Court held that, although the Supreme Court had ruled in *Bradley v Mid-Century Ins Co,* 409 Mich 1; 294 NW2d 141 (1980), that uninsured motorist's coverage could not be "stacked", that decision was issued subsequent to the arbitrators' award. Since the law on the subject prior to that decision was conflicting, the arbitration award constituted a "mere legal error", as opposed to a "manifest disregard of the law", and thus there was no basis for reversing the award.

Plaintiff's application for leave to appeal to the Supreme Court was held in abeyance pending its decision in *DAIIE v Gavin,* 416 Mich 407; 331 NW2d 418 (1982).[1] After *Gavin* was released, the Supreme Court issued an order in this case stating in part:

"* * * in lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed and the case is remanded on April 19, 1983, to the Wayne Circuit Court for entry of a judgment conforming with *DAIIE v Gavin* and *DAIIE v Standfest."* 417 Mich 944 (1983).

---

[1] The opinion involved two separate appeals which were consolidated for decision, *DAIIE v Gavin,* Docket No. 62043, and *DAIIE v Standfest,* Docket No. 64862.

On remand, the circuit court judge granted the plaintiff's motion for entry of judgment based on the Supreme Court's order. Defendant appeals as of right from that order. Plaintiff's motion to affirm the trial court's decision was denied by this Court on July 30, 1984.

We affirm the trial court's order for entry of judgment in favor of plaintiff because the express wording of the Supreme Court's order yields no ground to do otherwise. The order explicitly directs the circuit court to enter a judgment "conforming with" *Gavin* and *Standfest.*

In both *Gavin* and *Standfest,* which are factually similar to the instant case, this Court had affirmed arbitration awards which had ignored "anti-stacking" provisions. The Supreme Court reversed both cases: In *Bradley, supra,* the Court had held that such provisions in policies effective on or after October 1, 1973, were valid, so that the arbitration panel in both *Gavin* and *Standfest* had erred as a matter of law. The Court announced a new standard for reviewing arbitration decisions based on legal error. The Court then explained that it was altering the awards in both cases:

"not because the rule ultimately announced in *Bradley* was obvious, inevitable, or 'clear', but because it is evident from the face of the awards that the arbitrators in those cases erred in not enforcing the anti-stacking provisions of the insurance contract, the terms of which primarily governed the controversy, and that but for such error the awards would have been substantially different." *Gavin, supra,* p 444.

The Court reduced the defendants' awards to $20,000 (the liability limit for uninsured motorists coverage under the policy) "and remand[ed] to the circuit court to enter judgment accordingly". *Gavin, supra,* p 446.

Defendant suggests that the trial court in this case should have considered whether the arbitrators' award was "substantially wrong" under the new standard of review announced in *Gavin.* However, since this case was in all material respects identical to *Gavin* and *Standfest,* there was no more point in remanding in this case than in those cases. As in those cases, the arbitrators' error in this case was in not enforcing the anti-stacking provisions of the insurance contract.

The fact that several orders issued by the Supreme Court in similar cases contain language remanding "for reconsideration" in light of *Gavin* and *Standfest* does not alter our conclusion. Those cases may have involved facts which did not bring them clearly within the results required under the facts of *Gavin.* To order the trial court in this case to reconsider in light of the new standard of review announced in *Gavin* would distort the wording of the Supreme Court's order, and would also be redundant, since the Court already ruled in the cases before it that such a step was unnecessary.

Defendant's attempt to escape the effect of *Bradley's* validation of anti-stacking clauses is disingenuous. The *Bradley* holding applied, not to insurance policies which "became effective" on or after October 1, 1973, but rather to policies which were "in effect" on or after that date. *Bradley, supra,* p 48. It is not disputed that the policy in this case became effective prior to October 1, 1973, and remained effective after that date. Moreover, it would be inconsistent with the *Bradley* reasoning for courts to continue to ignore anti-stacking clauses in insurance contracts which were signed before October 1, 1973. As the *Bradley* Court noted, the advent of the no-fault system removed the judicial concern for protecting the Motor Vehi-

cle Accident Claims Fund which had prompted holdings that anti-stacking clauses should not be given effect. *Bradley, supra,* pp 52-53.

Defendant's argument that our decision to affirm the trial court's entry of judgment for plaintiff would be an unconstitutional impairment of contract must fail of its own weight. Defendant is in effect arguing that this Court should continue to close its eyes to the clear terms of the contract. Our holding today does not impair any contractual right defendant had, but rather restores to plaintiff the effect of a contractual right previously denied it. See *Guardian Depositors Corp v Brown,* 290 Mich 433, 443-444; 287 NW 798 (1939).

Affirmed.