*In re* OAKLAND COUNTY PROSECUTOR

PEOPLE v FELICE

Docket Nos. 124704, 129651. Submitted October 10, 1990, at Detroit. Decided September 3, 1991, at 9:10 A.M. Leave to appeal sought.

Joseph Felice pleaded guilty in the Oakland Circuit Court, Richard Kuhn, J., of six counts of armed robbery, one count of assault with intent to rob while armed, and one count of prison escape and was sentenced to concurrent prison terms of twenty to forty years for the armed robbery convictions, ten to forty years for the assault conviction, and one to five years for the prison escape conviction. The Court of Appeals affirmed in an unpublished opinion per curiam, decided April 8, 1985 (Docket No. 78611), and the Supreme Court denied leave to appeal. 424 Mich 853 (1985). The defendant then moved in the circuit court to withdraw his pleas on the basis that they were involuntary. The court denied the motion, and the Court of Appeals denied leave to appeal (Docket No. 92039). The Supreme Court remanded for reconsideration of the defendant's motion. 428 Mich 875 (1987). Following a hearing at which the defendant's trial counsel testified that he did not recall any offer by the prosecutor to refrain from making a sentence recommendation and did not recall telling the defendant of any such offer, but did remember telling the defendant that he might get a six-year minimum sentence, the circuit court found the defendant's pleas to be voluntary and again denied the motion to withdraw the pleas. The Court of Appeals denied leave to appeal (Docket No. 103141), and the Supreme Court remanded for a new hearing before a different judge on the question of ineffective assistance of counsel. 432 Mich 871 (1989). Following a hearing at which the defendant testified that he had been assured by his trial counsel that he would be sentenced to a minimum sentence within the guideline range, which he mistakenly believed to be six to ten years, the court, Gene Schnelz, J., granted the motion to withdraw, finding that, while no promise had been made by the prosecutor, the defense counsel's innocent misrepresentation of the nature of the plea bargain constituted ineffective assistance of counsel. The prosecutor sought superintending control in the Court of Appeals.

During the pendency of the superintending control proceed-

ings, the underlying charges were assigned to Judge Kuhn for trial. The defendant's motion for disqualification of Judge Kuhn was denied both by Judge Kuhn and Chief Judge Steven N. Andrews. The defendant appealed by leave granted. The appeal was consolidated with the action for superintending control.

The Court of Appeals *held*:

The defendant was not denied effective assistance of counsel and should not be allowed to withdraw his guilty pleas merely because his counsel's prediction concerning the length of the sentence and the role that the prosecutor would play in the sentencing process turned out to be incorrect. The defendant's reliance on his counsel's unspoken optimism is not enough to sustain his burden of proving ineffective assistance of counsel.

Superintending control granted, the order granting withdrawal of the guilty pleas vacated, and the appeal of the denial of the motion for disqualification dismissed as moot.

JANSEN, J., concurring, stated that the Supreme Court's order of remand limited the circuit court to the question of ineffective assistance of counsel, that defense counsel's good-faith, but incorrect, estimations of the trial court's and the prosecutor's actions do not constitute ineffective assistance of counsel, and that had the question of voluntariness of the pleas been before the circuit court, an order granting withdrawal of the pleas on the basis of voluntariness would have been proper.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*Googasian, Hopkins, Hohauser & Forhan* (by *George A. Googasian*), for Judge Schnelz.

*Tucker & Rolf,* (by *Donald F. Tucker, A. William Rolf* and *Kevin M. Taylor,* for Joseph Felice.

Before: SHEPHERD, P.J., and GRIBBS and JANSEN, JJ.

GRIBBS, J. This matter involves two consolidated actions. In Docket No. 124704, the Oakland County Prosecutor seeks an order of superintending con-

trol directed to Oakland Circuit Judge Gene Schnelz, alleging error in the December 4, 1989, ruling that defendant Joseph Vincent Felice was entitled to withdraw his 1984 pleas of guilty to eight different charges. Judge Schnelz' ruling followed a *Ginther*[1] evidentiary hearing pursuant to a Supreme Court order. In Docket No. 129651, defendant appeals by leave granted Oakland Circuit Chief Judge Steven Andrews' January 25, 1990, order denying defendant's motion to disqualify Oakland Circuit Judge Richard Kuhn.

This case has a lengthy procedural history. Defendant was originally charged in sixteen separate informations with thirteen counts of armed robbery, MCL 750.529; MSA 28.797, two counts of assault with intent to rob while armed, MCL 750.89; MSA 28.284, one count of unarmed robbery, MCL 750.530; MSA 28.798, one count of breaking and entering, MCL 750.110; MSA 28.305, and one count of prison escape, MCL 750.193; MSA 28.390. Two attorneys, Donald A. Brown and Otis Underwood, were appointed to represent defendant. Each attorney was assigned to handle the charges in eight different informations.

Pursuant to a plea-bargain agreement, defendant pleaded guilty to six counts of armed robbery, one count of assault with intent to rob while armed, and one count of prison escape. Defendant was represented by Brown in half the pleas and by Underwood in the other half. Under the terms of the agreement, the remaining charges were dismissed. In addition, the prosecutor agreed not to pursue investigation of several suspected offenses. Defendant was sentenced to concurrent terms of twenty to forty years for each of the armed robbery convictions, ten to forty years for the assault

---

[1] *People v Ginther,* 390 Mich 436, 442-443; 212 NW2d 922 (1973).

with intent to rob while armed conviction, and one
to five years for the prison escape conviction.
Defendant appealed as of right, and his convictions
and sentences were affirmed by this Court. Unpub-
lished opinion per curiam of the Court of Appeals,
decided April 8, 1985 (Docket No. 78611). Our
Supreme Court denied defendant's delayed applica-
tion for leave to appeal. 424 Mich 853 (1985).

Defendant then moved in the circuit court to
withdraw his pleas, claiming that they were invol-
untary and induced by the prosecutor's promise to
refrain from making a sentence recommendation.
On March 31, 1986, Judge Kuhn denied defen-
dant's motion. Judge Kuhn's ruling on this issue
was based on the plea transcript, which contained
no reference to any sentencing agreement and
contained defendant's assertion that no additional
promises had been made. In addition, defendant
raised no objection at sentencing to the presen-
tence investigation report, which contained the
prosecutor's recommendation of a twenty- to forty-
year sentence.

Defendant sought leave to appeal, which this
Court denied. Unpublished order of the Court of
Appeals, entered October 27, 1986 (Docket No.
92039). Defendant again filed a delayed application
for leave to appeal to the Supreme Court, and, on
March 31, 1987, the Court remanded the case to
the circuit court for an evidentiary hearing and to
"reconsider the defendant's motion to withdraw
his guilty pleas." 428 Mich 875 (1987).

At that hearing before Judge Kuhn, Underwood
testified that he did not recall any offer by the
prosecutor, but that his experience was that the
prosecutor's office did not get involved in sentenc-
ing. He did not tell defendant that there was any
"promise" regarding sentencing. Underwood said
the concept of the prosecutor entering into the

sentencing decision was never an issue and that he did not recall discussing it with defendant. Underwood told defendant that it was his "considered opinion" that defendant might get a six-year minimum sentence, but that it was just a "guess." Underwood recommended that defendant accept the plea offer "because there wasn't much alternative."

Defendant testified that he was aware of his guilt, but hoped for leniency. Defendant felt he was "assured" that Judge Kuhn would stay within the sentencing guidelines. The guidelines minimum range was, in fact, ten to twenty years, and defendant was sentenced to a minimum sentence within the guidelines range. The guidelines recommendation was undoubtedly due in part to defendant's prior record of ten felony and four misdemeanor convictions.

At the conclusion of the hearing, Judge Kuhn, in a seven-page written opinion, found that defendant's pleas were voluntary and denied his motion to withdraw the pleas. Judge Kuhn noted that both defense attorneys had "extensive experience in trying criminal matters before this Court. In fact, Mr. Brown has been practicing criminal law for over twenty-five years and Mr. Underwood for approximately thirteen years." This Court denied the defendant's application for leave to appeal Judge Kuhn's decision. Unpublished order of the Court of Appeals, entered April 26, 1988 (Docket No. 103141). Defendant again filed an application for leave to appeal to the Supreme Court, which reviewed the matter and, in lieu of granting leave, "remanded for a new hearing before a different judge on the question of ineffective assistance of counsel." 432 Mich 871 (1989).

The second evidentiary hearing was held before Judge Schnelz. Defendant testified that he was

"assured" that Judge Kuhn would sentence him to a minimum sentence within the guidelines range, which defendant mistakenly believed to be six to ten years.

Underwood testified that, on the basis of his experience, he had believed defendant would get a lenient sentence, but that he had told defendant that the judge would be the one to decide the length of his sentence. Underwood testified that he had not mentioned the possibility of a prosecutorial recommendation to defendant, because he had not expected the prosecutor to make a recommendation. Underwood testified that he had told defendant he was guessing that the minimum sentence would be between six and ten years and that the prosecutor's guess was similar, but that it was up to the judge.[2] Underwood also stated that he had told defendant that he "could be wrong" and that defendant could have drawn the conclusion that the prosecutor would stay out of the sentencing process.

Judge Schnelz delivered a twelve-page written opinion in which he found that defendant's pleas were induced by his belief that the prosecutor would stay out of the sentencing process. Judge Schnelz concluded that defendant had received ineffective assistance of counsel:

> The foregoing testimony clearly established that, although the prosecutor never actually promised to refrain from making a sentence recommendation, that [sic] Mr. Underwood *assumed* the prosecutor would do so. Based on his own assumption Mr. Underwood lead [sic] Defendant to believe, and Defendant did in fact believe that the prose-

---

[2] We observe that defendant does not allege that either the prosecutor or the judge made any promises of leniency in this case. Accordingly, *In re Valle,* 364 Mich 471, 477-478; 110 NW2d 673 (1961), does not enter into our consideration of this matter.

cutor would not make a recommendation. The testimony also established that Defendant relied on that belief in entering his pleas of guilty.

The evidence demonstrates that Defendant's plea was based on a misrepresentation (albeit an apparently innocent misrepresentation) by his attorney of the terms of the plea bargain. The misrepresentation was both significant and prejudicial to Defendant since it was a primary consideration in his decision to plead guilty. Since Defendant's attorney failed to effectively convey to him all the terms of the plea bargain on which his guilty plea was based, Defendant did not receive effective counsel under either legal standard.

At the hearing before Judge Kuhn, Mr. Underwood testified that he did not recall the prosecutor making a promise to abstain from making a sentence recommendation. Mr. Underwood also testified that he did not tell Defendant that any such promise was made. That testimony comports with the testimony given before this Court except that Mr. Underwood qualified his earlier testimony in two (2) significant ways. First, Mr. Underwood stated that the prosecutor never actually promised [not] to make a sentence recommendation but that he, himself, *assumed* it. Second, while he *never expressly told* Defendant that the prosecutor made such a promise, he *conveyed that impression* to the Defendant. It is those two (2) qualifications on which this Court relies in rendering this decision.

Furthermore, it is clear from the testimony that the prosecutor never promised to abstain from making a sentence recommendation and the Honorable Richard D. Kuhn never promised to give a lighter sentence.

### ORDER

WHEREFORE, and for the foregoing reasons, it is hereby ordered that Defendant's motion to withdraw guilty plea is granted. [Emphasis changed.]

In their appellate briefs and at oral argument, the attorneys in this matter have argued at length

concerning Judge Schnelz' findings of fact. We find that, even accepting Judge Schnelz' findings as true, defendant has not established ineffective assistance as a matter of law.

When analyzing claims of ineffective assistance of counsel, this Court has determined that the appropriate standard is set forth in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991).

As a general rule, to establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed under the Sixth Amendment. Moreover, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy. Second, the deficiency must be prejudicial to the defendant. *Id.* The defendant has the burden of proving that counsel was ineffective. *Ginther,* 390 Mich 442-443.

In this case, Judge Schnelz reviewed attorney Underwood's conduct under both the standards set forth in *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977), and *Strickland,* 466 US 687. These tests were not designed, however, to deal with the *guilty plea* proceeding in which effective assistance of counsel is inextricably linked to a voluntary and understandingly tendered plea. Thus, in reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, the courts should focus upon whether the defendant's plea was made voluntarily and understandingly.

As the prosecutor acknowledges in his brief, this Court in *People v Johnson (After Remand),* 125

Mich App 76, 80; 336 NW2d 7 (1983), adopted the standard set forth in *Tollett v Henderson,* 411 US 258, 267; 93 S Ct 1602; 36 L Ed 2d 235 (1973):

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [v *Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970)].

The appropriate review of an ineffective assistance claim arising out of a *guilty plea* is discussed in detail in *McMann.* In *McMann,* the United States Supreme Court considered whether a plea was voluntary when counsel advised the defendant to plead guilty after he made a coerced confession. The Court concluded that the plea was not involuntary merely because the admissibility of the defendant's confession was "mistakenly assessed" by counsel:

> [A] decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. *Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.*
> That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing. . . .
> In our view a defendant's plea of guilty based on

reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence *depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases.* On the one hand, uncertainty is inherent in predicting court decisions; but on the other hand defendants facing felony charges are entitled to the effective assistance of competent counsel. [397 US 770-771. Emphasis added.]

We are convinced that, in guilty plea cases, the *Strickland* test for ineffective assistance of counsel must be applied in light of the guidance set forth in *McMann,* 397 US 770-771, and *Tollett,* 411 US 267.

We also find instructive the decisions of other courts that have considered cases similar to the one before us. In a recent ruling, the United States Court of Appeals, Sixth Circuit, refused to set aside the defendant's plea merely because of his subjective version of his understanding of the plea bargain. *Nichols v Perini,* 818 F2d 554 (CA 6, 1987). Much like this case, *Nichols* had a long and involved procedural history. Like the defendant here, Nichols also believed that he would receive a more lenient sentence:

Nichols has always felt that he had a plea bargain of two to fifteen years and that this bargain was not kept. His feelings resulted from three factors: (1) his own experience with the system as a prior convicted felon, (2) the sentence that a codefendant received, and (3) the "guesstimate" of his attorney as to a likely range of sentence.

Nichols undoubtedly was shocked at the stiff sentence he received and ever since it happened has been trying to transmogrify this shock into some type of procedural or constitutional defect. As we read this record, Nichols' argument that he did not realize his consecutive sentences could be "stacked" to total 65 years is purely an afterthought. It may well be that he gave little heed since he never felt he would receive such a sentence, but there is a great difference between a plea made unknowingly and one made upon expectations that never reach fruition. [*Id.* at 558.]

The Sixth Circuit Court of Appeals held that a defendant's subjective expectations regarding the possible length of sentence do not render involuntary an otherwise valid plea.

In *Self v Blackburn,* 751 F2d 789, 793 (CA 5, 1985), Self's attorney told him that release on parole was "probable" in ten years and six months.

The facts found in the magistrate's report indicate that Self was not told that parole after ten years and six months was automatic. Self's attorney testified that he informed Self that a good record and approval by the parole board were necessary preconditions to parole. Self's lawyer did tell him that parole would be "probable" in ten years and six months, given the treatment of similar cases. The lawyer testified that he told Self that he and the prosecutor "foresaw" parole in ten and one-half years as "a probable duration of sentence". The prosecutor was present during some of the conversations leading to the guilty plea and it may be inferred that he led Self to believe that his lawyer's forecast was accurate. But the lawyer's prediction was not a guarantee of parole eligibility.

Self pleaded guilty and was still serving time

nearly twelve years later. The Fifth Circuit Court of Appeals held that there was no "factual misrepresentation" and that Self's plea was voluntary.

The facts in this case are even less compelling than those in either *McMann* or *Self.* Accepting the trial court's findings as true, this case involves, at most, "good faith evaluations of a reasonably competent attorney" that turned out to be mistaken. *McMann,* 397 US 770. Counsel's incorrect prediction concerning defendant's sentence and the prosecutor's role in sentencing is not enough to support a claim of ineffective assistance of counsel.

It is noteworthy that defendant testified at his first evidentiary hearing that he was aware of his guilt, but that he hoped for and expected a lenient sentence. The presentence investigation report reflects that defendant also told the probation officer "I know I'm guilty" but said "he was scared to death of doing a lot of time." Because defendant has acknowledged his guilt throughout these proceedings, this is clearly not a case where defendant has been induced by promises of leniency "to forego possibly meritorious challenges to the proceedings against [him]." *Tollett,* 411 US 270, dissenting opinion.

Attorney Underwood testified at both evidentiary hearings that, although he anticipated a lenient sentence, he emphasized to defendant that sentencing was "up to the judge." Underwood explained to defendant that the judge would consider input from the probation department and from "family members or anyone else" who wrote letters to the court. Although Underwood "guessed" that defendant would receive a six- to ten-year minimum sentence, he told defendant that he could be wrong.

Further, Judge Schnelz expressly found in his

written opinion that the prosecutor never made any promise to refrain from making a sentence recommendation and that defense counsel never expressly told defendant that any such promise had been made. We cannot say that a defendant's reliance on his attorney's unspoken optimism is enough to sustain the defendant's burden to prove ineffective assistance. *Ginther,* 390 Mich 442-443. Again we emphasize that there has never been any suggestion in this case that defendant was not guilty. The record reveals that defendant provided a thorough factual basis to support his pleas. Moreover, the obvious benefits of the plea bargain must have been as clear to defendant as they are to us, in light of his attorney's estimation that as many as twenty-three existing or potential cases were disposed of by defendant's pleas.

We set aside Judge Schnelz' finding of ineffective assistance of counsel and, for the fourth time, affirm defendant's convictions and sentences. In light of our decision, defendant's claim in Docket No. 129651 is moot.

In Docket No. 124704, the request for an order of superintending control is granted, and the trial court's ruling that defendant was entitled to withdraw his pleas of guilty is vacated.

SHEPHERD, P.J., concurred.

JANSEN, J. *(concurring).* I concur in the majority's analysis of the claim of ineffective assistance of counsel and in the results obtained. However, I write separately to voice my concern over the voluntariness of defendant's plea.

I concur in the majority's conclusion that "[c]ounsel's incorrect prediction concerning defendant's sentence and the prosecutor's role in sentencing is not enough to support a claim of ineffec-

tive assistance of counsel." As is noted in the majority opinion, the trial court admitted that defense counsel's actions were "good faith evaluations of a reasonably competent attorney." I believe that these findings by the trial court preclude a determination of ineffective assistance of counsel.

I write separately to stress that if it were not for the limited scope of review stemming from the remand from the Supreme Court, I would allow defendant to withdraw his guilty pleas. In *People v Flores,* 90 Mich App 223, 228-229; 282 NW2d 782 (1979), the defendant was instructed by defense counsel that he would receive a concurrent sentence, when in actuality he received a consecutive sentence. Finding that it was not unreasonable to conclude that defendant had been told he would receive a concurrent sentence and that he had based his decision to plead on this understanding, which had not been shared by the prosecuting attorney, the *Flores* Court held that there was no mutual agreement on the terms of the bargain. *Id.* at 229. Thus, the *Flores* Court allowed Flores to withdraw his guilty plea.

In *People v West (On Remand),* 82 Mich App 195; 266 NW2d 761 (1978), rev'd 406 Mich 941 (1979), defense counsel, on the basis of his own experience, relayed the false impression that the defendant would receive a sentence of fifteen to twenty years. The majority in the Court of Appeals held that a defendant's mistaken belief that the trial court would be lenient in sentencing the defendant is not a sufficient reason to set aside the defendant's plea of guilty. *Id.* Judge KELLY dissented, finding that the defendant relied on what appeared to him to be a bargain and was misled by defense counsel. Our Supreme Court reversed the

Court of Appeals majority opinion, relying on
Judge KELLY's dissent.

In the present case, the trial court found:

> [A]lthough the prosecutor never actually prom-
> ised to refrain from making a sentence recommen-
> dation, . . . [defense counsel] *assumed* the prose-
> cutor would do so. Based on his own assumption
> [defense counsel] lead [sic] Defendant to believe
> and Defendant did, in fact, believe that the prose-
> cutor would not make a sentence recommendation.
> The testimony also established that Defendant
> relied on that belief in entering his pleas of guilty.
>
> The evidence demonstrates that Defendant's
> plea was based on a misrepresentation (albeit an
> apparently innocent misrepresentation) by his at-
> torney of the terms of the plea bargain. The
> misrepresentation was both significant and preju-
> dicial to Defendant since it was a primary consid-
> eration in his decision to plead guilty. . . .
>
> At the hearing before Judge Kuhn, [defense
> counsel] testified that he did not recall the prose-
> cutor making a promise to abstain from making a
> sentence recommendation. [Defense counsel] also
> testified that he did not tell Defendant that any
> such promise was made. That testimony comports
> with the testimony given before this Court except
> that [defense counsel] qualified his earlier testi-
> mony in two (2) significant ways. First, [defense
> counsel] stated that the prosecutor never actually
> promised to make a sentence recommendation but
> that he, himself, *assumed* it. Second, while he
> never expressly told defendant that the prosecutor
> made such a promise, he conveyed that impression
> to the Defendant. It is those two (2) qualifications
> on which this Court relies in rendering this deci-
> sion.

On the basis of the opinions in *Flores* and *West,*
I would hold that defendant is entitled to with-
draw his guilty pleas. In analyzing this issue, I
defer to the trial court's findings of fact because of

its unique ability to weigh the evidence and observe the demeanor of the witnesses. *People v Hall,* 399 Mich 288, 291; 249 NW2d 62 (1976), reh den 400 Mich 952 (1977). Because defendant relied on what appeared to be a bargain and was misled, I would hold that he is entitled to withdraw his guilty pleas.

However, I am constrained to concur with the results in the majority's opinion because of the limited grounds upon which this case was remanded to the trial court by the Supreme Court. After Judge Kuhn held that defendant's pleas were voluntary and denied defendant's motion to withdraw his pleas, a panel of this Court entered an order denying defendant's application for leave to appeal for lack of merit in the grounds presented. Subsequently, our Supreme Court entered an order remanding the case to the circuit court for a new hearing before a different judge on the question of ineffective assistance of counsel, citing *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

When an appellate court remands a matter to the trial court, the trial court possesses the authority to take any action not inconsistent with the opinion of the appellate court. *VanderWall v Midkiff,* 186 Mich App 191, 196; 463 NW2d 219 (1990). A trial court must follow the express wording of the Supreme Court's order. *DAIIE v Krause,* 139 Mich App 335, 339; 362 NW2d 272 (1984). I would hold that the Supreme Court's order remanding for a *Ginther* hearing specifically on the question of ineffective assistance of counsel precluded the trial court from addressing the question of the voluntariness of defendant's guilty pleas. Thus, I concur in the results reached in the majority opinion.